```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
COLUMBIA PICTURES INDUSTRIES, INC,     |
DISNEY ENTERPRISES, INC., PARAMOUNT    |
PICTURES CORPORATION, TRISTAR          |
PICTURES, INC., TWENTIETH CENTURY      |
FOX FILM CORPORATION, UNIVERSAL CITY   |
STUDIOS LLLP, UNIVERSAL CITY STUDIOS   |
PRODUCTIONS LLLP, and WARNER BROS.     |   06 Civ. 1471 (LLS)
ENTERTAINMENT INC.,                    |
                                       |   **OPINION AND ORDER**
     Plaintiffs,                       |
                                       |
          -against-                    |
                                       |
GARY FUNG and DOES 1-10,               |
                                       |
     Defendants.                       |
---------------------------------------x
```

In this secondary[1] copyright infringement action defendant Gary Fung, a resident of Vancouver, British Columbia, moves for dismissal for lack of personal jurisdiction, or for transfer of the action to the Central District of California. Because a related case is pending

---

[1] A "secondary" infringement is contributory or vicarious participation in copyright infringement by another. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., __ U.S. __, 125 S.Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.") (citations omitted).

in that district and the convenience of parties favors transfer, Fung's motion for transfer is granted.

**I. Background**

Plaintiffs are among the world's leading motion picture studios and own copyrights to numerous movies and television programs. Each plaintiff is a Delaware corporation or partnership with a principal place of business in California. (Compl. ¶¶ 12-20.)

Plaintiffs allege that Fung and unknown other defendants "set up, maintain, and operate computer servers and websites that, by design, foster widescale copyright infringement by users of the BitTorrent network." Id. ¶ 5. The BitTorrent network is a "peer-to-peer network optimized for the copying and distribution of large files." Id. ¶ 4.

Fung operates two BitTorrent websites named Isohunt and Torrentbox. Id. ¶ 22. Fung's websites contain "torrent files", which enable users to locate specific computer files, including plaintiffs' copyrighted movies and television programs, stored on other user's computers. Id. ¶¶ 9, 10, 22, 27. Another type of technology operated by Fung "provid[es] the user's computer with access to those other users to facilitate the download process." Id. ¶ 10. The computer file is then digitally copied from one

user's computer to the other. Lastly, Fung has operated a service known as "BTHub", which involves the modification of torrent files on his Isohunt website to increase the efficiency and reliability of successfully downloading the desired computer file. Id. ¶ 28.

Fung's primary source of revenue from his BitTorrent websites is the sale of advertising displayed on the sites. Id. ¶ 34; (Fung Decl. ¶ 15.) Plaintiffs allege that Fung appeals to potential advertisers by highlighting the availability of infringing content on his websites. (Compl. ¶ 34.) Fung also solicits donations on his websites through a company named PayPal. Donors are given advertisement-free use of the sites. (Fung Decl. ¶ 16.) T-shirts bearing the mottos "freedom of information" and "Share. Not steal." are also sold on Fung's websites. Id. ¶ 10.

Fung's only physical presence in New York appears to be a visit to New York City in November 2005 to attend an Internet marketing conference and a conference related to his BitTorrent website business. Fung maintains that no transactions directly related to that business occurred in New York. Id. ¶ 12.

**II. Standards for Motion to Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may transfer an action to another venue even if it lacks personal jurisdiction over the defendants. Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001).[2] Because Fung has consented to personal jurisdiction in the Central District of California, the Court will consider Fung's transfer motion first.

In determining whether a case should be transferred under 1404(a), the relevant factors include: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to

---

[2] Although Fung's claim of lack of personal jurisdiction need not be decided, his personal contacts with New York are sufficiently scanty to raise a colorable jurisdictional issue, which itself weighs in favor of transfer. See WellQuest Int'l, Inc. v. Genesis Intermedia.com, Inc., No. 00 Civ. 6558 (RCC), 2001 U.S. Dist. LEXIS 16757, *20 (S.D.N.Y. Oct. 17, 2001), ("the 'mere appearance of a colorable jurisdictional issue may be a factor in a court's decision to transfer venue under 28 U.S.C. § 1404(a)'"), quoting Worldwide Futgol Assocs., Inc. v. Event Enter. Inc., 983 F. Supp. 173, 182 (E.D.N.Y. 1997).

compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).

The court has broad discretion to balance these factors and to consider the evidence of convenience and fairness on a case-by-case basis. In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2243, 101 L. Ed. 2d 22 (1988).

"Absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court, plaintiff's choice of forum will not be set aside." Gen. State Auth. (of Pa.) for Benefit of Crompton-Richmond Co., Inc. v. Aetna Cas. & Sur. Co., 314 F. Supp. 422, 423 (S.D.N.Y. 1970); see also Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950) (defendant must make a strong case for transfer).

**III. Discussion**

The parties do not dispute that the action could have been brought in the Central District of California. Thus, the only issue is whether the action should be transferred in the interest of justice for the convenience of the parties and witnesses. See 28 U.S.C. § 1404(a).

**A. Judicial Economy**

"There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." Wyndham Assoc. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968); accord Somerville v. Major Exploration, Inc., 576 F. Supp. 902, 908 (S.D.N.Y. 1983) ("The existence of a related action in the transferee district is a strong factor to be weighed in the interest of judicial economy."). "The interests of justice require that the cases be related, not identical." Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F. Supp. 161, 167 (S.D.N.Y. 1992).

Fung's principal argument for transfer is that a similar case is pending in the Central District of California: Columbia Pictures Indus. Inc., v. Bunnell, No.

CV 06-01093 (FMC) (C.D. Cal.). That action was brought concurrently with this case by the same plaintiffs against the operator of a similar BitTorrent website. Fung claims that having the same court hear both cases would avoid the possibility of inconsistent results and conserve judicial resources, especially with respect to discovery management and in monitoring compliance with any injunction.

Plaintiffs argue that having the two cases heard together would not achieve significant judicial efficiency because they involve different defendants and therefore different questions of fact. In plaintiffs' view, the case turns on Fung's individual conduct, not on the BitTorrent technology as a whole.

A comparison of the complaint in this case and the complaint in the California action reveals that although the defendants are different, the theories of liability and (except for Fung's BTHub service) the technical operations of the respective websites are substantially similar. For example, both complaints allege that:

> This is a case of willful and rampant infringement of copyright over the Internet. Defendants knowingly enable, encourage, induce and profit from massive online piracy – piracy Defendants could stop, but refuse to.
>
> Defendants operate a website ["websites and computer servers" in

> Fung] as part of an online computer network known as "BitTorrent." Defendants do so to enable their users to locate and download infringing copies of Plaintiffs' valuable copyrighted motion pictures and television shows for free and without authorization. Defendants operate their website ["websites and servers" in Fung] with the express object of promoting its use to infringe Plaintiff's copyrights.

(Compl. ¶¶ 1-2; Bunnell Compl. ¶¶ 4-5 (Lesser Decl. Ex. C).)

Any court that hears either case will have to understand and make decisions about the legal effects of the defendant's BitTorrent technology and the scope of non-party discovery. The interest of judicial economy will therefore be served, and the possibility of inconsistent decisions avoided, by the same court hearing both cases. This factor therefore weighs in favor of transfer.

**B. Plaintiffs' Choice of Forum**

Plaintiffs' choice of forum is usually entitled to considerable weight, Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998), but is accorded less deference where (as here) "the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred." Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994); accord

-8-

Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 405 (S.D.N.Y. 2005) ("plaintiffs' chosen forum carries less weight when no party resides in the forum nor is it the locus of operative facts.").

Although plaintiffs allege that they have business operations in New York, their principal places of business are in California. (Compl. ¶ 14-20.) The claims of secondary copyright infringement arose from Fung's websites, which he operates from Vancouver and are stored on computer servers located in Missouri and Texas (Fung Decl. ¶ 8), and from the activities of computer users located around the world. Although New York is undoubtedly home to some of the infringing users, the same is true of California. There is no showing that this district is a more significant locus of operative facts than any other. Thus, plaintiffs' choice of forum is entitled to only slight weight in the transfer analysis.

**C. Convenience of Parties**

Fung, a 23-year-old resident of Vancouver, lives much closer to the Central District of California than to New York. Plaintiffs are large corporations who would not be inconvenienced by a transfer to California, their principal place of business. The convenience of the parties therefore weighs in favor of transfer. This factor is

given greater weight because Fung will be an important fact witness, and because of the disparity of resources between the parties. See Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) ("Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered.").

**D. Convenience of Witnesses**

A party moving for transfer based on the convenience of witnesses "must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

Fung states that PayPal, the two principal companies that advertised on his websites at the time the complaint was filed, and the two principal companies that presently advertise on his websites all have their principal places of business in California. (Fung Decl. ¶¶ 15, 16.) However, he does not identify which witnesses he plans on calling or state what their testimony would cover.

Plaintiffs assert that three New York-based companies and one Massachusetts-based company that advertise on Fung's Isohunt website will likely be witnesses. However, they do not state what testimony they hope to elicit from

those companies, or why Fung's California advertisers are not equally important witnesses.

In sum, neither party has made a sufficient showing that the convenience of witnesses weighs in their favor. This factor is therefore neutral.

x   x   x

The remaining transfer factors are not relied upon by either party. On balance, the case should be transferred to California which is nearer to plaintiff and where related litigation is pending.

### IV. Conclusion

Defendants' motion for a change of venue is granted. The Clerk of the Court is directed to transfer this case to the United States District Court for the Central District of California.

So Ordered.

Dated: New York, NY
       August 18, 2006

*(signature)*
_____
Louis L. Stanton
U.S.D.J.